UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Hendree,<br><br>              Plaintiff,<br><br>      v.<br><br>United Parcel Service Inc. et al.,<br><br>              Defendants. | No. 2:24-cv-01826-KJM-CSK<br><br>ORDER |

      Plaintiff David Hendree moves to remand this action to Yolo County Superior Court. Defendant United States Parcel Service, Inc. (UPS) has filed a notice of non-opposition. Although the motion is unopposed, the court briefly considers the merits of the motion and for the reasons set forth below, **grants** the motion.

**I.    BACKGROUND**

      Plaintiff filed this wrongful termination action in state court against defendants UPS, United Global Parcel Service LLC (collectively "entity defendants"), Bill Bartz, Dave Goshen, and doe defendants. *See* Compl., Removal Notice Ex. A, ECF No. 1-1. Plaintiff is over the age of forty and has a disability. *Id.* ¶ 13(a)–(b). In 1989, UPS hired plaintiff as a "Feeder Driver." *Id.* ¶ 11. In 2002, plaintiff sought to switch routes with a driver who was lower in seniority than

1

he was. *Id.* ¶ 14(a). Although this is "a common practice," a supervisor informed the other driver plaintiff could not switch routes. *Id.* When plaintiff tried to explain that he had seniority, a warehouse supervisor "wrongfully scolded" plaintiff. *Id.* Following this "hostile interaction," plaintiff experienced "chest pain and body weakness." *Id.* ¶ 14(b). Plaintiff's physician recommended plaintiff take a few days off work. *Id.* When plaintiff returned from medical leave, a supervisor accused plaintiff of pushing someone while on duty and UPS terminated his employment immediately. *Id.* Plaintiff appealed that termination and was reinstated when it was later determined the allegations against him were false. *Id.*

In 2018, plaintiff injured his elbow during one of his routes. *Id.* ¶ 14(e). Plaintiff was given workplace restrictions and was assigned to light duty for approximately three months. *Id.* In 2019, defendants placed plaintiff on temporary disability after determining "they would no longer accommodate his restrictions." *Id.* Plaintiff remained on temporary disability for approximately two years. *Id.* In 2021, plaintiff received surgery for his elbow and was later cleared for work with workplace restrictions. *Id.* ¶ 14(f). However, defendants refused to accommodate plaintiff with modified work duties, and so plaintiff returned to medical leave. *Id.* In 2022, defendant Dave Goshen, the Sacramento Feeder-Hub Division Manager, sent plaintiff a letter stating:

> Article 8 section 1 of the Northern CA Supplemental Agreement/ Northern CA Sort Rider provides that a leave of absence due to sickness or injury will not exceed three (3) years unless extended by written consent of the Union and the Employer. You do not have such an extension. Therefore, in accordance with the above-mentioned Article, your employment with UPS has been terminated.

*Id.* ¶ 15(a). Plaintiff "believes UPS used the three-year rule for pretextual grounds to terminate" him. *Id.* ¶ 15(b).

Plaintiff then filed this suit in state court. *See generally id.* Plaintiff alleged ten causes of action under California state law: (1) discrimination on the basis of age and disability in violation of the California's Fair Employment and Housing Act (FEHA); (2) hostile work environment and harassment on the basis of disability in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to provide reasonable accommodation in violation of FEHA; (5) failure to engage in

2

the interactive process in violation of FEHA; (6) failure to prevent discrimination, harassment, or retaliation in violation of FEHA; (7) negligent hiring, supervision and retention; (8) wrongful termination of employment in violation of public policy; (9) whistleblower retaliation in violation of California Labor Code section 1102.5, *et seq.*; and (10) intentional infliction of emotional distress. *See generally id.*

Defendant UPS removed the action on federal question grounds. *See generally* Removal Notice, ECF No. 1. UPS argued several of plaintiff's claims were preempted by the Labor Management Relations Act (LMRA). Remand Notice ¶¶ 20–25. Specifically, defendant argued the following claims were preempted: (1) the FEHA claims; (2) the wrongful termination claim; (3) the whistleblower retaliation claim; and (4) intentional infliction of emotional distress. *Id.* UPS further contended "[t]o the extent there are some claims alleged in the [c]omplaint that do not raise federal questions (and/or are not preempted by Section 301 of the LMRA)," the court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367. *Id.* ¶ 26. According to defendant, considerations of "convenience, judicial economy, and fairness" weigh in favor of the court exercising jurisdiction over these claims as well. *Id.* Plaintiff disagreed and filed the instant motion to remand. *See* Am. Mot., ECF No. 8. Plaintiff subsequently dismissed defendant United Parcel Service LLC. *See* Dismissal Notice, ECF No. 9; Min. Order (Aug. 22, 2024), ECF No. 10. UPS then filed a statement of non-opposition to the motion to remand. *See* Non-Opp'n, ECF No. 11. The court submitted the motion as provided by Local Rule 230(g). Min. Order (Sept. 4, 2024), ECF No. 12.

## II.   LEGAL STANDARD

"In general, removal statutes are strictly construed against removal . . . and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citations omitted). The defendant always has the burden of establishing removal is proper, and jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

As relevant here, under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of h[er] own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "Notwithstanding this rule, when a federal statute wholly displaces state law and provides the exclusive cause of action for a plaintiff's requested relief, we must 'recharacterize a state law complaint . . . as an action arising under federal law.'" *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987)). Federal question jurisdiction thus exists when a federal law "completely preempts" a state cause of action. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 24 (1983). Federal question jurisdiction, however, cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Section 301 of the LMRA has "extraordinary pre-emptive power" that "'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus.*, Inc., 913 F.3d 1146, 1152 (9th Cir. 2019) (citing *Metro. Life Ins.*, 481 U.S. at 65). "Although § 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Id.* at 1151. Thus, a civil complaint asserting claims preempted by section 301 of the LMRA "raises a federal question that can be removed to a federal court." *Id.* at 1152.

However, section 301 may not be read so broadly as to "pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). To determine the bounds of section 301 preemption, the Ninth Circuit

4

1  prescribes a two-part test. *Id.* at 1152–53. First, courts ask whether a "right [] exists solely as a
2  result of the CBA," or collective bargaining agreement. *Id.* at 1152 ( citation omitted). If yes, the
3  claim is preempted. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If not,
4  courts must ask "'whether a plaintiff's state law right is substantially dependent on analysis of
5  [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus
6  'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (citation omitted).

7  **III.   ANALYSIS**

8  Plaintiff raises two primary arguments in support of the motion to remand. First, plaintiff
9  argues the court does not have federal question jurisdiction because the LMRA does not preempt
10 discrimination claims under FEHA based on protected classifications of age and disability. *See*
11 Mot. at 12.[1] The court agrees and UPS does not argue otherwise. *See Chmiel v. Beverly Wilshire*
12 *Hotel Co.*, 873 F.2d 1283, 1286–87 (9th Cir. 1989) ("California's age discrimination statute
13 creates a mandatory and independent state right which is not preempted by section 301");
14 *Ackerman v. W. Elec. Co., Inc.*, 860 F.2d 1514, 1517 (9th Cir. 1988) (finding antidiscrimination
15 statute not preempted by section 301); *cf. Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126,
16 1133 (9th Cir. 2016) (finding hostile work environment claim did not require interpretation of
17 CBA).

18 Second, plaintiff argues because his complaint does not involve anything other than a
19 mere reference to the CBA, it is not preempted under the LMRA. *See* Mot. at 14–15. Again, the
20 court agrees. For preemption to occur, "adjudication of the claim must require interpretation of a
21 provision of the CBA." *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 691–92 (9th Cir.
22 2001), *as amended* (Aug. 27, 2001). The Ninth Circuit has "stressed that, in the context of § 301
23 complete preemption, the term 'interpret' is defined narrowly—it means something more than
24 'consider,' 'refer to,' or 'apply.'" *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
25 1033 (9th Cir. 2016) (quoting *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102,
26 1108 (9th Cir. 2000)).

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

Here, no interpretation is required. In the complaint, the CBA is only briefly referenced in a letter plaintiff received. *See* Compl. ¶ 15(a). Plaintiff does not allege defendants violated the CBA applicable to him, but instead argues the three year rule set out in the CBA was used as a pretext for his termination. *Id.* ¶ 15(b); *see also* Mot. at 15. Further, UPS has not shown resolution of plaintiff's claims requires interpretation of a provision in the CBA as opposed to mere consideration or reference to the CBA. *May v. Walt Disney Parks & Resorts U.S., Inc.*, No. 21-00968, 2021 WL 3472807, at *3 (C.D. Cal. July 20, 2021) ("[M]ere consultation of the CBA, speculation of its relevance, or affirmative defenses relying on it do not suffice to pre-empt state-law claims."). Additionally, by filing the non-opposition, it appears UPS concedes as much.

Finally, "claims are only preempted to the extent there is an active dispute over the meaning of contract terms." *Curtis*, 913 F.3d at 1153 (citation omitted); *see also Sykes v. F.D. Thomas*, Inc., No. 20-03616, 2021 WL 343960, at *2 (N.D. Cal. Feb. 2, 2021) ("The defendants have not shown that there is a dispute involving the relevant CBA terms or that particular requirements of the CBA involving rest periods will require more than a simple application." (citation omitted)). Neither plaintiff nor UPS raise any dispute over the meaning of the CBA terms. *See generally* Compl., Removal Notice; Mot.; Non-Opp'n. Because of this, plaintiff's state law claims are not preempted. *See Curtis*, 913 F.3d at 1153 ("[A] state law claim may avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA."(citation omitted)).

### IV. CONCLUSION

Given the above and in light of UPS's non-opposition the court grants the motion to remand. The Clerk of Court is directed to remand the case to Yolo County Superior Court and close this case.

This order resolves ECF No. 8.

IT IS SO ORDERED.

DATED: October 18, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE